## Lytle *against* Lytle.

Although a fee simple may be created by *deed*, without words of inheritance, if, by reference, another instrument be incorporated in it, which does contain them, yet nothing short of this, however clear the intent to do so may be, will enlarge a life estate to a fee; not even if the reference be to a *will* creating a fee without words of inheritance.

ERROR to the district court of *Allegheny* county.

David Lytle against John Lytle and other heirs of Abraham Lytle, deceased. This was an action of partition.

Robert Lytle the father of the plaintiff and of Abraham Lytle the defendant's ancestor, died seised of the land in dispute, containing 415 acres, having first made his will, by which he devised it as follows:—

"And the remainder of my real and personal property I will to be equally divided betwixt my children."

The testator left ten children. In 1813 there was an amicable partition of the estate, and seven-tenths were set off to Abraham the father of the defendants, he then claiming to have purchased five shares, and to be the guardian of the younger brother; one of these shares being David's, the plaintiff who was present at the partition. Abraham's right to this share was founded upon the following instrument:

"This article, made the seventeenth day of January, one thousand, eight hundred and twelve, between Abraham Lytle of the one part, and David Lytle of the other, both of Allegheny county, witnesseth, that the said David Lytle, for the sum of one hundred and fifty dollars to him in hand, doth sign unto the said Abraham Lytle, *all his part of the estate left to him by his father's last will* and testament, both personal and real property, and further, said David Lytle doth by this relinquish his claim forever, and sign it all to Abraham Lytle. Given under my hand and seal.

                                    "DAVID LYTLE, [L. S.]"

Abraham Lytle having died before the institution of this suit, the question arose whether the foregoing instrument vested in him a fee simple, or but a life estate in the premises.

*Grier*, president, was of opinion that Abraham Lytle derived from the instrument but a life estate, and therefore directed a verdict and judgment for the plaintiff.

*M'Candless*, for plaintiff in error, admitting that if the question depended alone upon the construction of the deed itself, the judgment of the court below would be right, yet contended that the reference which it made to the will of his father, " all his estate left to him by his father's last will and testament, both personal and

real property," enlarged the estate granted commensurate with the terms of the will, which clearly created an estate in fee simple. The intention of the parties to create an estate in fee cannot be doubted; and in seeking for that intention the deed is to be construed more strongly against the grantor. 1 *Shep. Touch.* 86. 88; *Co. Lit.* 9; 2 *Pres. on Estates* 2. 5; *Com. Dig. Estates, A.* 2. *Jacob's Law Dic.* "*Assign;*" 2 *Black. Com.* 102; 7 *Petersdorff Ab.* 693; *Webster's Dic. vol. ii.* "*Relinquish.*"

*Shaler*, for defendant in error, cited 3 *Cruise* 440; 1 *Dall.* 132; 1 *Co. Lit.* 87, *note* 2; 3 *Johns.* 188; 3 *Cruise* 145.

The opinion of the court was delivered by

Rogers, J.—Littleton, in the text, says, that the word heirs only can make an estate of inheritance, in all feoffments and grants: Lord Coke, in his commentary on this, page 9, says, "But out of this rule of our author, the law doth make divers exceptions, (*exceptio probat regulam;*) for sometimes by a feoffment, a fee simple shall pass, without these words, (his heirs.) For example, first, if the father enfeoffe the sonne, to have, and to hold, to him and his heirs, and the sonne enfeoffeth the father, as fully as the father enfeoffeth him, by this the father has a fee simple, *quia verba relata hoc maxima operantur per referentiam ut in esse videntur,*" &c. *Shep. T.* 101, and *Preston on Estates* 2, are to the same point. As if one recite, that B hath enfeoffed him of white-acre, to have and to hold, to him and his heirs, and he saith further, that as fully as B hath given white-acre to him, and his heirs, he doth grant the same to C. This is held a fee simple, on the same principle. And if one grant two acres to A and B, to have, and to hold, the one to A and his heirs, and the other to B in *forma predicta;* by this (grant), B hath a fee simple in this other case, for an estate in fee simple, fee tail, or for life, may be made by such words of reference. It is said, that this case is embraced by the principles above stated. The facts are these:—by an article of agreement, David Lytle assigns to his brother Abraham Lytle, all his part of the estate left to him by his *father's last will and testament*, both personal and real property, and further David relinquishes his claim for ever. It is plain that, by agreement, nothing but a life estate passes, unless it is enlarged to a fee simple by the reference to the will. The words of the will are, so far as they are material to the question, " and the remainder of my real and personal estate, I will, be equally divided between my children." The will leaves the parties just where they were. It shows it was the intention of the parties, to convey a fee, a matter which is as plain on the face of the agreement as it can be made by reference to the will. If the will had contained a clause giving the property to him and his heirs, it would have come within the reasons of the, cases which have been cited. A fee simple is conveyed, because by the reference, the other instrument is incorporated and made part of the convey-

[Lytle v. Lytle.]

ance, and if that should contain the essential word (heirs), it is adjudged good, as a conveyance of the fee. The distinction between a will and a deed, is firmly settled; and we must not yield to exceptions, unless they plainly appear to be within the cases already ruled.

This point does not seem to have occurred to the counsel on the argument in the district court. It was argued there on other grounds, which have been properly abandoned.

Judgment affirmed.